**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Boston Cab Dispatch, Inc. and EJT
Management, Inc.,

       Plaintiffs,

    v.                               Case No. 13-cv-10769-NMG

Uber Technologies, Inc.,

       Defendant.

**DEFENDANT UBER TECHNOLOGIES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFFS'
AMENDED COMPLAINT**

1.      Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations regarding Plaintiffs' operations or compliance with state laws and city rules and on that basis, denies those allegations.  Uber denies the remaining allegations in this paragraph.

2.      Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies those allegations.

3.      Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies those allegations.

4.      Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies those allegations.

5.      Uber admits that it is a Delaware corporation with principal offices in San Francisco, California.  The remaining allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, Uber denies the remaining allegations in this paragraph.

6.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber admits that this Court has subject matter jurisdiction over Plaintiffs' claims.  Uber denies the remaining allegations in this paragraph.

7.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

8.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

9.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

10.      Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies those allegations.

11.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

12.      Uber admits that it owns no taxis or livery cars.  Uber denies the remaining allegations in this paragraph.

13.      Uber admits that it provides a smart phone application that is available to individuals in Boston.  Uber admits that the application can be used to request transportation services.  Uber admits that the application can display a map of the user's location (or designated pickup point).  Uber admits that its application may display the driver's name and photograph on the user's smart phone.  Uber denies the remaining allegations in this paragraph.

14.      Uber admits that it owns no cars, no medallions, no radio associations, and employs no drivers.  Uber denies the remaining allegations in this paragraph.

15.      Denied.

16.     Denied.

17.     Denied.

18.     Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding the history of Boston regulations, and on that basis, denies those allegations.  Uber also denies the remaining allegations in this paragraph.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

25.     Denied.

26.     Denied.

27.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

28.     Denied.

29.     Denied.

30.     Uber admits that it uses a five-star rating system by which Uber riders rate their driver.  Uber denies the remaining allegations in this paragraph.

31.     Denied.

32.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

33.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

34.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

35.     Denied.

36.     Denied.

37.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

38.     Denied.

39.     Uber admits that riders using uberTAXI in the past paid the taximeter fare, a 20% charge based on the taximeter fare, and a $1 fee.  Uber denies the remaining allegations in this paragraph.

40.     Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph related to Amanda Tetrault and Michael McLaughlin's signing up with Uber, and on that basis denies those allegations.  Uber also denies the remaining allegations in this paragraph.

41.     Denied.

42.     Denied.

43.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

44.     Uber admits that it is not a radio association.  Uber denies the remaining allegations in this paragraph.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Uber denies the allegations in this paragraph.

52.     Denied.

53.     Uber admits that the webpage located at http://twitter.com/ryangraves/ statuses/243081748131500032 contains the language "All our driver partners are fully licensed w/ commercial insurance. You're all safe here :)."  Uber denies the remaining allegations in this paragraph.

54.     Uber admits that the webpage located at https://partners.uber.com/signup/boston/ contains the language "[a]ny mid-size or full-size 4-door vehicle, in excellent condition."  Uber denies the remaining allegations in this paragraph.

55.     Uber admits that the blog post located at http://blog.uber.com/uberXridesharinginsurance contains the language quoted in this paragraph.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies those allegations.

64.     Uber lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph regarding Plaintiff's contract with Creative Mobile Technologies, LLC, and on that basis denies those allegations.  Uber also denies the remaining allegations in this paragraph.

65.     Denied.

66.     Denied.

67.     Denied

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

Uber denies Plaintiffs' prayer for relief.

Uber demands a jury trial.

## Uber Technologies, Inc.'s Affirmative Defenses

1.      Uber asserts the following defenses:

### Affirmative Defense No. 1:

2.      Uber asserts accord and satisfaction as an affirmative defense.

### Affirmative Defense No. 2:

3.      Uber asserts assumption of risk as an affirmative defense.  Plaintiffs assumed the

risk associated with competition from smart phone apps such as Uber by developing and making

available their own competing app.

### Affirmative Defense No. 3:

4.      Uber asserts contributory negligence as an affirmative defense.  To the extent

Plaintiffs allege that taxicab drivers associated with them violate city rules or state laws by using

Uber's app, they are contributorily responsible for those alleged violations.

**Affirmative Defense No. 4:**

5.      Uber asserts the economic loss rule as an affirmative defense.  Plaintiffs cannot recover economic damages on their tort claim in the absence of physical injury or property damage.

**Affirmative Defense No. 5:**

6.      Uber asserts estoppel as an affirmative defense.

**Affirmative Defense No. 6:**

7.      Uber asserts failure of consideration as an affirmative defense.

**Affirmative Defense No. 7:**

8.      Uber asserts failure to satisfy statutory prerequisites as an affirmative defense. Plaintiffs have failed to satisfy the statutory prerequisites for their claims under M.G.L. c. 93A, § 11 or the Racketeer Influenced and Corrupt Organizations Act.

**Affirmative Defense No. 8:**

9.      Uber asserts fraud as an affirmative defense.  Plaintiffs have fraudulently misrepresented Uber's statements and conduct in their complaint solely for the purpose of harming Uber and preventing competition.

**Affirmative Defense No. 9:**

10.     Uber asserts illegality as an affirmative defense.

**Affirmative Defense No. 10:**

11.     Uber asserts laches as an affirmative defense.  Plaintiffs waited an unreasonable amount of time before bringing this suit.

**Affirmative Defense No. 11:**

12.     Uber asserts lack of standing as an affirmative defense.  Plaintiffs are attempting to enforce upon Uber rules and laws which do not apply to software companies like Uber and which Plaintiffs have no standing to enforce.

**Affirmative Defense No. 12:**

13.     Uber asserts lack of privity as an affirmative defense.  Plaintiffs' claims are based on contracts between Uber and third party transportation service providers, between Uber and users of its app, or between Plaintiffs and third parties.

**Affirmative Defense No. 13:**

14.     Uber asserts preemption as an affirmative defense.

**Affirmative Defense No. 14:**

15.     Uber asserts the statute of limitations as an affirmative defense.

**Affirmative Defense No. 15:**

16.     Uber asserts unclean hands as an affirmative defense.  Plaintiffs have acted in bad faith with regard to the subject matter of this complaint.  For example, Plaintiffs have brought this lawsuit knowing that it lacks any merit simply in order to stifle perceived competition from Uber.

**Affirmative Defense No. 16:**

17.     Uber asserts waiver as an affirmative defense.

**Affirmative Defense No. 17:**

18.     The Amended Complaint fails to state a claim upon which relief can be granted.

19.     Uber's investigation of its defenses is ongoing and it expressly reserves the right to allege and assert any additional defenses that may exist now or in the future.

DATED: February 9, 2015                QUINN EMANUEL URQUHART &
                                       SULLIVAN, LLP


                                       By   /s/ Stephen A. Swedlow
                                          Stephen A. Swedlow
                                          Attorney for Uber Technologies, Inc.


Stephen A. Swedlow (admitted *pro hac vice*)
        stephenswedlow@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone:      (312) 705-7400
Facsimile:      (312) 705-7401

Michael Mankes (BBO #662127)
        mmankes@littler.com
Littler Mendelson, P.C.
One International Place, Suite 2700
Boston, MA 02110
Telephone:      (617) 378-6000
Facsimile:      (312) 737-0052

**CERTIFICATE OF SERVICE**

I, Stephen A. Swedlow, hereby certify that on February 9, 2015, this document was filed through the District of Massachusetts's CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  Paper copies will be sent by First Class Mail to those not registered.

  /s/ Stephen A. Swedlow
Stephen A. Swedlow