UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 13-cv-10769-NMG

BOSTON CAB DISPATCH, INC,

and

EJT MANAGEMENT, INC,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

Defendant.

STIPULATION AND [PROPOSED] ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

Plaintiffs Boston Cab Dispatch, Inc. and EJT Management, Inc., and Defendant Uber Technologies, Inc. (collectively "the parties") hereby agree by and through their respective attorneys of record as follows:

1. The parties acknowledge that the exchange of information in this lawsuit may require the disclosure of documents and other materials that are commercially sensitive, proprietary and/or otherwise confidential in nature.

2. The parties hereby agree that any party (or non-party subject to discovery) in this action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a party or non-party in the course of this action as "Confidential" or "Highly Confidential - AEO" (hereafter referred

to as "Confidential Information"). "Confidential Information" is information that has not been made public and that refers to, describes, or consists of the disclosure of confidential, proprietary, or otherwise non-public information of any kind, including but not limited to trade secrets; business, technical, or financial information; employee personnel and earnings information; customer information; or information protected by third-party privacy rights. Confidential Information includes not only the information contained in documents and other materials designated as such pursuant to this Order, but also to any summaries, copies, abstracts, compilations, or other documents or material derived from Confidential Information. The parties acknowledge that the only information to be designated as Confidential Information is that which is properly subject to protection. The parties will not designate as "Confidential Information" any material without first making a good faith determination that such protection is warranted. Documents, testimony, and any other information shall presumptively qualify as Confidential Information if it contains non-public information relating to, without limitation, customer lists and information, financial results or data, financial or business plans and strategies, projections or analyses, proposed strategic transactions or other business combinations, studies or analyses by internal or outside experts, competitive analyses, business and marketing plans and strategies, or other sensitive commercial, personal, or proprietary information.

3. The party or third party asserting the Confidential designations as to any material shall have the burden of justifying that designation consistent with applicable law. Until the Court rules otherwise, the challenged material shall be treated as Confidential or "Highly Confidential - AEO". Confidential Information, or information

derived therefrom, shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, for any business or commercial purpose or in any other litigation or any regulatory proceeding.

4. In the case of documents and other materials produced by a party, the designation shall be made at the time of production. A producing party may designate as Confidential Information, in whole or in part, any documents or other materials by so advising all other parties and by marking any copies of the documents or other materials, in a manner not affecting legibility, with the word "Confidential" or "Highly Confidential - AEO". Any party may obtain confidential treatment for documents or other materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in the possession of such documents or other materials and within thirty (30) days of their production marks the subject documents or other materials with the word "Confidential" or "Highly Confidential - AEO" and reproduces them. All documents and other materials produced by a non-party and not designated as "Confidential" or "Highly Confidential - AEO" by a party at the time of their production shall nonetheless be treated as Confidential Information for thirty (30) days following such production.

5. With respect to testimony elicited during depositions, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or "Highly Confidential - AEO" or (ii) give written notice to all other

counsel that such information is being designated as "Confidential" or "Highly Confidential - AEO" within thirty (30) days after receiving a copy of the deposition transcript.

6. Confidential Information will be held by the receiving party exclusively for use in connection with the above-captioned action and any appeals thereof. A party shall not disseminate any Confidential Information produced by the other party or by a non-party except as necessary for use in these proceedings, and subject to the further restrictions set forth in paragraph 7, below. The parties shall take reasonable and prudent measures to safeguard the confidentiality of all Confidential Information.

7. Confidential Information shall not be used or disclosed directly or indirectly by the party receiving such Confidential Information to persons other than:

(a) The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this action, and any special master or mediator appointed by the court or agreed-to by the parties;

(b) Counsel of record for any party to this action, as well as regular employees of such counsel, and outside copy services, used to assist in the defense or prosecution of this litigation;

(c) Experts and consultants retained by any party or counsel of record for any party to assist in the defense or prosecution of this litigation;

(d) Notwithstanding any other provision in this Agreement, for information marked "Highly Confidential - AEO," no individual party shall review such information and the counsel for the receiving party must not disclose, directly or

indirectly, the contents of information marked "Highly Confidential - AEO" to their client;

(e) Any employee, former employee, agent or independent contractor of any party who is requested by counsel to assist in the defense or prosecution of this litigation, provided, however, that disclosure of information marked "Confidential" to said individual is made only to the extent necessary for the employee, former employee, agent or independent contractor to perform such assistance; and

(f) Any person agreed upon by the parties to serve as a mediator in this litigation.

8. Any party that seeks to make disclosure of Confidential Information permitted under this Order to a person listed in subparagraphs 7(c), (e), or (f) above shall, prior to such disclosure, advise the recipient of such information of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel for the party who discloses Confidential Information in this way.

9. Any party may object to the designation of particular documents or other materials as "Confidential Information" by giving written notice to the party making the designation and to all other parties within fourteen (14) days of such designation. Such notice shall identify with reasonable specificity the documents or other materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved within fourteen (14) days of the giving of such written notice, it shall be the obligation of the party challenging the designation as "Confidential" or "Highly

Confidential - AEO" to file an appropriate motion requesting a ruling by the Court that the disputed documents or other materials be de-designated "Confidential." The disputed documents or other materials shall be treated as "Confidential" or "Highly Confidential - AEO" pending a ruling from the Court.

10. In the event that any Confidential Information is used in any Court proceeding in this action, it shall not lose its confidential status through such use.

11. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

12. Documents or other materials filed by any party with the Court before, during, or after trial that contain Confidential Information shall be filed in a manner to maintain such confidentiality within the Rules of the ~~Superior Court~~ United States District Court.

s/NMG
8/13/15

13. Any party may consent to have any documents or other materials it previously designated as "Confidential" or "Highly Confidential - AEO" removed from the scope of this Order by so notifying counsel for the other parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any party from disclosing its own Confidential Information as it deems appropriate.

14. The provisions of this Order shall not terminate at the conclusion of these actions. Within 60 days of final conclusion of all aspects of this litigation, including any and all appeals, documents and other materials stamped or otherwise identified as "Confidential" or "Highly Confidential - AEO" and all copies of same (other than exhibits of record) shall be returned to the party that produced such documents or, at the option of the producing party, destroyed. All counsel of record shall execute a

certification of compliance herewith and shall deliver the same to counsel for the party that produced the documents not more than 60 days after final termination of this litigation.

15. The inadvertent production or disclosure of any privileged or otherwise protected information by any party shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of confidentiality, privilege or protection, including but not limited to confidentiality under this agreement, the attorney client privilege, and the protection afforded to work product materials.

16. If any confidential, privileged, or otherwise protected information is inadvertently produced, the producing party must provide written notice to any other parties that such information, or discovery material containing such information, has been inadvertently produced or disclosed. Within three (3) business days of the receipt of such notice, each other party shall return to the producing party all such discovery material and copies thereof identified in the notice in its possession, and shall make reasonable efforts to reclaim and return any such discovery material and information. The party that has inadvertently produced or disclosed such information shall, within twenty one (21) business days after such material is returned to it, provide a privilege log identifying the discovery material and the copies returned to the producing party such that the non-producing party is able to challenge the producing party's claim that the discovery materials are privileged or otherwise protected.

17. If any person receiving documents covered by this agreement (the "Receiver") is subpoenaed in another action or proceeding or served with a document demand that seeks Confidential Information produced or designated as "Confidential" or

"Highly Confidential - AEO" by someone other than the Receiver, the Receiver shall (i) give prompt written notice by hand or e-mail transmission within three (3) business days of receipt of such subpoena or document demand to those who produced or designated the material "Confidential" or "Highly Confidential - AEO" and (ii) refrain from producing any Confidential Information in response to such a subpoena or document demand until the earlier of (a) receipt of written notice from the party who produced the Confidential Information that such party does not object to production of the Confidential Information or (b) resolution of any objection asserted by the party who produced the Confidential Information, either by agreement or by final order of the court with jurisdiction over the objection of that party. The burden of opposing the enforcement of the subpoena shall fall solely upon the party who produced or designated the Confidential Information. If the party that produced Confidential Information fails to submit a timely objection seeking an order that the subpoena not be complied with and serve such objection upon the Receiver before the response date designated in the subpoena, the Receiver shall be permitted to produce documents responsive to the subpoena on the subpoena response date, provided that Receiver has notified the party who produced the Confidential Information. Compliance by the Receiver with any order directing production pursuant to the subpoena of any Confidential Information shall not constitute a violation of this Stipulation and Order.

18. This Agreement is subject to revocation and modification by agreement of the parties or by order of the Court, upon motion and reasonable notice.

Plaintiffs,
BOSTON CAB DISPATCH, INC. and
EJT MANAGEMENT, INC.,
By their attorneys,


/s/ Samuel Perkins
Samuel Perkins, BBO# 542396
Richard E. Brody, BBO# 058260
Michael Stefanilo, BBO# 684500
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street, 12th Floor
Boston, MA 02116
(617) 880-7100
sperkins@bhpklaw.com
rbrody@bhpklaw.com
mstefanilo@bhpklaw.com



Defendant,
UBER TECHNOLOGIES, INC.
By its attorneys,


/s/ Stephen A. Swedlow
Stephen A. Swedlow
stephenswedlow@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 704-7401

Michael Mankes (BBO #662127)
mmankes@littler.com
LITTLER MENDELSON PC
One International Place, Suite 2700
Boston, MA 02110
Telephone: (617) 378-6000
Facsimile: (617) 737-0052

*Subject, specifically, to the provisions of Local Rule 7.2.*

*NMGorton, USDJ 8/13/15*

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 13-cv-10769-NMG

BOSTON CAB DISPATCH, INC,

and

EJT MANAGEMENT, INC,

Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

Defendant.

CERTIFICATION REGARDING CONFIDENTIAL
AND HIGHLY CONFIDENTIAL DISCOVERY MATERIAL

I hereby certify (i) my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Order") in the above-captioned matter, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Massachusetts for purposes of enforcement of the Order. I understand that any violation of the terms of the Order shall be punishable by relief deemed appropriate by the Court.

Dated:_____         Signature:_____

04978-23768/7088304.1